IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BADALAMENT, INC., AND TRANSCONTINENTAL INSURANCE COMPANY AS SUBROGEE OF BADALAMENT, INC. | : : : : |
| Plaintiff, | : C. A. No. 05-035 : : |
| v. | : : JURY TRIAL DEMANDED |
| DAYSTAR SILLS, INC., ECLIPSE ERECTORS AND NUCOR BUILDING SYSTEMS | : : : : |
| Defendants, | : : |
| and | : : |
| NUCOR BUILDING SYSTEMS. | : : |
| Defendant/Third Party Plaintiff, | : : |
| v. | : : |
| WESTFIELD INSURANCE GROUP, | : : |
| Third Party Defendant. | : |

### DEFENDANT'S NUCOR BUILDING SYSTEMS, ANSWER TO PLAINTIFF'S COMPLAINT, CROSS-CLAIMS AND THIRD PARTY CLAIM AGAINST WESTFIELD INSURANCE GROUP

### THE PARTIES

1. Answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph.

2. Answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph.

1

3. Answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph.

4. Answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph.

5. Denied as stated.

## JURISDICTION AND VENUE

6. Denied.

7. Denied.

## GENERAL ALLEGATIONS

8. Answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph.

9. Answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph.

10. Denied as stated.

11. The allegations in this paragraph are directed to a defendant other than answering defendant and, as such, no response is required. To the extent that a response is deemed required, the allegations contained in this paragraph are denied.

12. The allegations in this paragraph are directed to a defendant other than answering defendant and, as such, no response is required. To the extent that a response is deemed required, the allegations contained in this paragraph are denied.

13. Denied.

14. The allegations in this paragraph are directed to a defendant other than answering

defendant and, as such, no response is required. To the extent that a response is deemed required, the allegations contained in this paragraph are denied.

15. The allegations in this paragraph are directed to a defendant other than answering defendant and, as such, no response is required. To the extent that a response is deemed required, the allegations contained in this paragraph are denied.

16. Admitted in part. It is admitted solely that Daystar Sills, pursuant to the Builder Agreement entered into with defendant Nucor Building Systems ordered a pre-manufactured metal building from defendant Nucor Building Systems. The remaining averments contained within this paragraph are denied.

17. Denied as to answering defendant.

18. Denied.

19. Denied.

20. Answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph.

21. Denied as stated.

22. Denied.

### COUNT I-NEGLIGENCE
### PLAINTIFFS v. ALL DEFENDANTS

23. Answering defendant incorporates by reference its responses to paragraphs 1 through 22 above as if fully set forth herein.

24. Denied. (a) through (z) denied.

25. Denied.

3

26. Answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph.

27. Denied as stated.

28. Denied.

### COUNT II-BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### PLAINTIFF v. ALL DEFENDANTS

29. Answering defendant incorporates by reference its responses to paragraphs 1 through 28 above as if fully set forth herein.

30. Denied.

31. Denied.

32. Answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph.

33. Denied as stated.

34. Denied.

### COUNT III-BREACH OF CONTRACT
### PLAINTIFF v. ALL DEFENDANTS

35. Answering defendant incorporates by reference its responses to paragraphs 1 through 34 above as if fully set forth herein.

36. Denied.

37. Denied.

38. Denied.

39. Answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph.

40. Denied as stated.

41. Denied.

## COUNT IV-STRICT PRODUCTS LIABILITY
## PLAINTIFF v. ALL DEFENDANTS

42. Answering defendant incorporates by reference its responses to paragraphs 1 through 41 above as if fully set forth herein.

43. This paragraph fails to state a claim upon which liability may be based against answering defendant. If said affirmative defense is overruled or held inapplicable, then denied as to answering defendant.

44. This paragraph fails to state a claim upon which liability may be based against answering defendant. If said affirmative defense is overruled or held inapplicable, then denied as to answering defendant.

45. This paragraph fails to state a claim upon which liability may be based against answering defendant. If said affirmative defense is overruled or held inapplicable, then denied as to answering defendant.

46. This paragraph fails to state a claim upon which liability may be based against answering defendant. If said affirmative defense is overruled or held inapplicable, then denied as to answering defendant.

47. Answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph.

48. Denied as stated.

49. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

50.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

51.     Answering defendant, at all relevant times hereto, complied with all applicable federal, state and other regulations.

### THIRD AFFIRMATIVE DEFENSE

52.     This Court lacks personal jurisdiction over the person of the defendant.

### FOURTH AFFIRMATIVE DEFENSE

53.     Answering defendant is immune from liability for any conduct performed in conformance with the specifications supplied, mandated or chosen by co-defendants.

### FIFTH AFFIRMATIVE DEFENSE

54.     This action is barred by the doctrine of sophisticated purchaser.

### SIXTH AFFIRMATIVE DEFENSE

55.     The claims asserted by the plaintiffs were proximately caused by an intervening or superseding cause.

### SEVENTH AFFIRMATIVE DEFENSE

56.     At all times relevant hereto, the knowledge of other persons or business entities, and the ability of such other persons and business entities to take actions to prevent the injuries of which the plaintiffs complaint was superior to that of answering defendant, and therefore, if there was a duty to warn the plaintiffs, the duty was on those other persons and business entities, and not the answering defendant.

### EIGHTH AFFIRMATIVE DEFENSE

57. Strict liability is not the law in the State of Delaware.

### NINTH AFFIRMATIVE DEFENSE

58. Plaintiffs are estopped from proceeding with the causes of actions alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

59. To the extent that claims against answering defendant are derivative, they are barred by the affirmative defenses applicable to the principle and ineffective against answering defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

60. This Court lacks jurisdiction over the person of answering defendant due to insufficiency of process and insufficiency of service of process.

### TWELFTH AFFIRMATIVE DEFENSE

61. Process and service are insufficient; statutory and rule requirements have not been met.

### THIRTEENTH AFFIRMATIVE DEFENSE

62. Answering defendant was not the proximate cause of plaintiffs' alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

63. Plaintiffs' alleged injuries and/or damages were caused by intervening and/or superseding causes, to wit, plaintiffs' negligence in the maintenance and care of the alleged demised premises.

### FIFTEENTH AFFIRMATIVE DEFENSE

64. Plaintiffs' failure to maintain the premises and remove excessive snow was not reasonably foreseeable by answering defendant, and said failure to mitigate and/or take affirmative steps was an intervening and/or superseding cause of the plaintiffs' alleged injuries.

### SIXTEENTH AFFIRMATIVE DEFENSE

65. Plaintiffs are precluded from recovery pursuant to 6 Del. C. §2-318, et seq.

### SEVENTEENTH AFFIRMATIVE DEFENSE

66. All express warranties that were created, if any, were excluded.

### EIGHTEENTH AFFIRMATIVE DEFENSE

67. Plaintiffs have failed to mitigate its damages.

### NINETEENTH AFFIRMATIVE DEFENSE

68. Answering defendant disclaimed all implied warranties, including, but not limited to merchantability and fitness for a particular purpose.

### TWENTIETH AFFIRMATIVE DEFENSE

69. Plaintiff's Complaint is barred in whole or in part due to plaintiffs' contributory/comparative negligence.

### TWENTYFIRST AFFIRMATIVE DEFENSE

70. All risks and dangers, if any, connected with the situation at the time and place averred in plaintiffs' Complaint were open, obvious and apparent, and were known of and assumed by the plaintiffs.

### TWENTYSECOND AFFIRMATIVE DEFENSE

71. Answering defendant breached no duty it may have owed to the plaintiffs.

### TWENTYTHIRD AFFIRMATIVE DEFENSE

72. Answering defendant met every duty owed to plaintiffs.

### TWENTYFOURTH AFFIRMATIVE DEFENSE

73. Some or all of the damages claimed by plaintiffs are not recoverable under applicable law.

### TWENTYFIFTH AFFIRMATIVE DEFENSE

74. Answering defendant was a mere supplier of the product which allegedly caused plaintiffs' injuries.

### TWENTYSIXTH AFFIRMATIVE DEFENSE

75. Answering defendant was not aware of, nor did answering defendant have any notice, of any allegedly dangerous and/or defective condition as averred in plaintiffs' Complaint.

### TWENTYSEVENTH AFFIRMATIVE DEFENSE

76. Answering defendant disclaimed all warranties, either express or implied, including any implied warranty of merchantability or fitness for a particular purpose.

### TWENTYEIGHTH AFFIRMATIVE DEFENSE

77. Answering defendant's conduct created no implied warranties.

### TWENTYNINTH AFFIRMATIVE DEFENSE

78. To the extent that the allegedly defectively designed and/or installed building has been destroyed and/or is unavailable for review and inspection by answering defendant, when said building was not in the possession, care, custody or control of answering defendant, answering defendant is entitled to judgment in its favor pursuant to the doctrine of spoliation of evidence.

### THIRTIETH AFFIRMATIVE DEFENSE

79. Answering defendant did not create any express warranties with respect to the building in question in any of the following ways:

    a. No promises or factual representations about the product were ever made;

    b. The building was never described in a certain manner; and

    c. No sample or model of the product was ever used.

### THIRTYFIRST AFFIRMATIVE DEFENSE

80. Answering defendant prevented all implied warranties from being created by using clear and specific language that by common understanding called the plaintiffs' attention to the exclusion of said implied warranties.

### THIRTYSECOND AFFIRMATIVE DEFENSE

81. Answering defendant excluded the implied warranty of merchantability by using the word "merchantability" in conspicuous language.

### THIRTYTHIRD AFFIRMATIVE DEFENSE

82. The collapse of the structure was cased by an Act of God.

### THIRTYFOURTH AFFIRMATIVE DEFENSE

83. The collapse of the structure as alleged in plaintiffs' complaint was caused and/or contributed to by the actions of third parties over whom answering defendant had no control.

### CROSS-CLAIM OF NUCOR CORPORATION
### AGAINST CO-DEFENDANTS JOINTLY

84. Answering defendant incorporates its answers to paragraphs 1 through 49 of plaintiff's complaint and its affirmative defenses set forth in paragraphs 50 through 83 above as if set forth fully herein.

85. Answering defendant denies the allegations as set forth in plaintiffs' Complaint, however, to the extent that plaintiffs prevail, answering defendant avers that the proximate cause of the incident as set forth in plaintiffs' Complaint, said allegations being denied, was due to the negligence of Daystar Sills, Inc. and Eclipse Erectors, Inc. in that they:

    a. Failed to properly and adequately construct the subject premises;

    b. Failed to properly and adequately inspect and test the warehouse structure, including all structural components and members;

    c. Failed to provide proper, adequate and sufficient support for the warehouse structure, including all structural components and members;

    d. Failed to hire competent employees, agents, workmen and/or subcontractors;

    e. Violated applicable codes, standards and industry requirements with respect to the construction of the warehouse structure, including all structural components and members;

    f. Failed to warn plaintiff of the aforesaid defective conditions which they knew, or should have known, existed and created an unreasonable risk of harm to plaintiff;

    g. Failed to properly train, instruct and monitor its agents, workmen, employees and subcontractors;

    h. Permitted a dangerous condition to exist at the subject premises when they knew or should have known that such conditions created an unreasonable risk of harm to plaintiff;

i. Improperly erected the warehouse structure, including all structural components and members, so as to cause the structure to fail and/or collapse under expected, forseable and anticipated loading conditions;

j. Improperly erected the warehouse structure, including all structural components and members, so as to cause the structure to lack the necessary, adequate, appropriate and required building strength, roof strength and structural strength, so as to withstand and support anticipated, forseable and expected loading conditions;

k. Improperly erected the warehouse structure, including all structural components and members, so as to construct the structure in violation, breach and contravention of the requirements for the design, engineering and manufacture of the structure;

l. Improperly erected the warehouse structure, including all structural components and members, so as to cause the structure to lack the required design loading, including live loading, snow loading, collateral loading, mechanical loading and dead loading;

m. Improperly erected the warehouse structure, including all structural components and members, so as to cause the structure to have improper and inappropriate strength and stability to provide the structure with the required roof and structural strength;

n. Failed to properly supervise, train and oversee the conduct, activities and operations of their employees, agents, servants, workmen, contractors and

subcontractors in connection with the erection of the structure;

o. Failed to warn, and continuing failure to warn plaintiff of the weaknesses, deficiencies and defects in the erection of the structure, which created an imminent risk of harm, damage and destruction to plaintiff;

p. Undertook the erection of the structure, including all structural components and members, without having the necessary, appropriate and sufficient educational background, training and experience to discharge their duties, obligations and requirements in a good, workmanlike and professional manner;

q. Failed to exercise reasonable care in the in performing the erecting services, which care defendants recognized or should have recognized were necessary to protect the interests of plaintiff in violation of Restatement (Second) of Torts §323;

r. Failed to detect and warn of the dangerous conditions at the subject premises;

s. Failed to take steps to protect plaintiffs;

t. Failed to erect the warehouse structure at the subject premises in such a manner as to protect plaintiffs from harm;

u. Failed to take all reasonable and necessary precautions for the protection and safety of plaintiffs;

v. Failed to comply with good, safe and proper construction practices in the construction of the warehouse structure at the subject premises;

- w. Failed to properly and adequately perform their services and/or complete their work at the subject premises;

- x. Caused or allowed materials in a manner which they could fail and collapse;

- y. Failed to use due care under the circumstances;

- z. Failed to follow MBMA standards with regards to the erection of pre-manufactured metal buildings;

- aa. Failed to retain a project engineer of record and other required engineers as required by the MBMA standards and the applicable building codes;

- bb. Failed to follow the erection plans, to wit, failing to install H1020 screws as required in purlin bracing;

- cc. Failed to follow the erection plans, to wit, failed to install end wall x-bracing; and

- dd. Was otherwise negligent as may be determined during discovery.

86. Answering defendant denies any and all liability, in contract or otherwise, arising out of the actions and/or omissions as set forth in plaintiffs' original Complaint. In the event that answering defendant is held liable to the plaintiffs, then and in that event, answering defendant demands indemnification and/or contribution from co-defendants Daystar Sills, Inc. and Eclipse Erectors Inc. on the basis that the negligence, breach of contract and breach of warranties of the co-defendants Daystar Sills, Inc. and Eclipse Erectors, Inc. as set forth in plaintiffs' Complaint, were the sole, proximate and/or contributing cause of any damage or loss to the plaintiffs. Answering defendant hereby demands the relative determination of fault pursuant to 10 Del. C.

§6301, et seq.

## CROSS-CLAIM OF NUCOR CORPORATION

## AGAINST CO-DEFENDANT DAYSTAR SILLS

87. Answering defendant incorporates its answers to paragraphs 1 through 49 of plaintiff's complaint and its affirmative defenses set forth in paragraphs 50 through 83 above, and its cross-claim set forth in paragraphs 84 through 86 above as if set forth fully herein.

88. On December 11, 1991, David Sills, president of Daystar Sills, Inc. executed the Nucor Building Systems Builder Agreement. A copy of the Agreement is attached hereto as Exhibit "A".

89. Since the date of the execution of the original Builder Agreement, the Builder Agreement has been continued and remained in force through as late as 2003.

90. The Builder Agreement, provides as follows:

NUCOR BUILDER, agrees to indemnify and hold harmless NUCOR from any and all claims, losses, costs (including counsel fees) and causes of action that may arise out of NUCOR BUILDERS business relationship with NUCOR, including without limitation, to the erection of buildings .... NUCOR BUILDER, agrees to carry liability, builder's risk, workman's compensation and such other forms of insurance as may be necessary or specified by NUCOR from time to time, to fully and completely indemnify and hold harmless NUCOR as hereto for set forth, which insurance shall name NUCOR BUILDER of said obligation to indemnify and hold harmless NUCOR.

91. Pursuant to the Builder Agreement, Daystar Sills contractually agreed to indemnify and hold harmless Nucor Building Systems for all claims arising out of the erection of buildings.

92. Further, pursuant to the Builder Agreement, Daystar Sills contractually agreed to carry liability insurance with said insurance providing coverage for Nucor Buildings Systems for

15

both defense and indemnification of claims such as those alleged by plaintiffs.

93. On February 14, 2005, counsel for Nucor Building Systems wrote to counsel for Daystar Sills, tendering the defense of Nucor Building Systems to Daystar Sills pursuant to the provisions of the builder Agreement.

94. On April 19, 2005 counsel for Daystar Sills advised counsel for Nucor Building Systems that neither Daystar Sills nor its insurer, Westfield Insurance Group, successor in interest to Old Guard Insurance Group, would be providing a defense as required by the Builder Agreement.

95. As a result of Daystar Sills' breach of the Builder Agreement, the plaintiff has alleged damages and/or losses as averred in the complaint, for which Nucor Building Systems may be held liable.

96. Further, as a result of Daystar Sills's breach of the Builder Agreement in failing to obtain liability insurance which afforded both a defense and indemnity to Nucor Building Systems, Nucor Building Systems has been and will be forced to incur attorneys fees and defense costs in defending against plaintiffs' claims.

97. Defendant Nucor Building Systems specifically denies that it has any liability whatsoever to plaintiff. However, in the event that Nucor Building Systems is held liable to the plaintiffs, then Daystar Sills is liable to Nucor Building Systems for contribution and/or indemnification for all or a portion of any amount for which Nucor Building Systems may be found liable to plaintiffs.

98. Further, to the extent that Nucor Building Systems have or will in the future incur attorney's fees and defense costs, said fees and costs were incurred solely as a result of Daystar

Sills' breach of the Builder Agreement, and as such, Nucor Building Systems is entitled to recover any and all attorney's fees and litigation expenses incurred as a result of Daystar Sills' breach of the Builder Agreement.

WHEREFORE, answering defendant Nucor Building Systems hereby demands judgment in its favor and against the plaintiffs, and co-defendants Daystar Sills, Inc. and Eclipse Erectors, Inc., including the costs of this action, attorneys fees, and any other relief this Honorable Court deems just.

### THIRD PARTY CLAIM AGAINST WESTFIELD INSURANCE GROUP

99. Answering defendant/third party plaintiff incorporates as if fully set forth herein and without admission, paragraphs (1) through (34) of plaintiffs' Complaint, defendant's Answers to paragraphs (1) through (34) of plaintiffs' Complaint and its affirmative defenses set forth in paragraphs 50 through 83 above, its cross-claim as to all co-defendants set forth in paragraphs 84 through 86 above, and its cross-claim as to co-defendant Daystar Sills set forth in paragraphs 87 through 98 above as if set forth fully herein.

100. Westfield Insurance Group, successor in interest to Old Guard Insurance Company, ("Westfield") is an insurance company licensed to engage in the business of insurance under the laws of the State of Delaware. Service of process can be made upon the Insurance Commissioner of the State of Delaware, 841 Silver Lake Boulevard, Dover, DE 19901.

101. At the time of the loss alleged in plaintiff's complaint, Westfield's predecessor, Old Guard Insurance Group, issued a policy of insurance to Daystar Sills, that being policy number CBP 1002901, with a policy period of 1/1/03 through 1/1/04. A copy of the policy is attached hereto as Exhibit "B".

102.    The policy, in particular, page 1 of 13 of the Insuring Agreement, Section I, Coverages, Subpart (2)(b), with regards to Contractual Liability, states as follows:

This exclusion does not apply to liability for damages:

> 2. Assumed in a Contract Agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
>
>> (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract";
>>
>> (b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

103.    Further, pursuant to the applicable policy language, the policy provides, "[t]his insurance is primary except when **b.** below applies."

104.    The allegations for which Nucor Building Systems seeks a defense and indemnification do not fall within any of the provisions set forth in "**b.**" and as such, Westfield's policy of insurance is primary such that Westfield bears the primary duty to defendant and indemnify Nucor Building Systems.

105.    Despite the existence of the Builder Agreement, wherein Westfield's insured, Daystar Sills, agreed to carry liability insurance indemnifying and holding harmless defendant/third party plaintiff and the specific policy language cited above, which makes Westfield's policy of insurance primary, contemplates a defense for individuals such as Nucor Building Systems, who have entered into an "insured contract", and which states that attorneys

fees and litigation expenses are deemed to be damages because of "bodily injury", Westfield refused and continues to refuse to provide a defense to Nucor Building Systems as to those claims asserted by plaintiff and has refused and continues to refuse to reimburse Nucor Building Systems for their attorneys fees and litigation expenses incurred in defending against the claims asserted by plaintiffs.

106. Westfield was put on notice of the claim for a defense and for attorney's fees and costs on behalf of Nucor Building Systems via letter of February 14, 2005, to counsel for Daystar Sills, who was retained by Westfield.

107. Since that time, Westfield has and continues to refuse to provide a defense to Nucor Building Systems, causing Nucor Building Systems to incur attorney's fees and litigation expenses and continuing to accrue.

108. Despite the claim against Westfield's insured, the policy language of Westfield's policy of insurance, which specifically contemplates Nucor Building Systems as additional insureds and the tender of defense, Westfield has wrongfully, and in breach of its own contractual obligations, refused to provide a defense and indemnify Nucor Building Systems for their attorney's fees and litigation expenses with regards to the defense of this matter.

WHEREFORE answering defendant/ third party plaintiff Nucor Building Systems demands judgment in its favor and against third party defendant Westfield Insurance Group, successor in interest to Old Guard Insurance Group, requiring Westfield Insurance Group to provide a defense for defendant/third party plaintiff Nucor Building Systems, reimburse defendant/third party plaintiff Nucor Building Systems for the attorney's fees and litigation expenses incurred to date, pre-judgment interest, post judgment interest and any other award this

Honorable Court deems just.

                                                        BIFFERATO, GENTILOTTI & BIDEN

/s/ _____
George T. Lees, III (Del. ID #3647)
David A. Denham (Del. ID #4240)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899-2165
(302) 429-1900
Attorneys for Nucor Building Systems

Dated: 4/26/05