UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BADALAMENT, INC., and<br>TRANSCONTINENTAL INSURANCE<br>COMPANY, as Subrogee of<br>BADALMENT, INC., | )<br>)<br>)<br>) | C.A. NO.: 05-035 |
| Plaintiffs, | )<br>) | JURY TRIAL DEMANDED |
| v. | )<br>) | |
| NUCOR BUILDING SYSTEMS,<br>DAYSTAR SILLS, INC. and ECLIPSE<br>ERECTORS, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

ANSWER OF ECLIPSE ERECTORS TO COMPLAINT

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted that Answering Defendant is a corporation duly organized and existing under the laws of the State of Delaware. Denied that the corporation's principal place of business is located at 320 Water Street, Wilmington, DE.

5. Admitted.

6. Admitted.

7. No response required from Answering Defendant.

8. Admitted upon information and belief.

9. Answering defendant is without sufficient information or knowledge to form a belief as to the truth of the averment and, therefore, the averment is deemed denied.

10. Admitted upon information and belief.

11. Admitted upon information and belief.

12. Admitted.

13. Answering defendant is without sufficient information or knowledge to form a belief as to the truth of the averment and, therefore, the averment is deemed denied.

14. Admitted upon information and belief.

15. Admitted.

16. Admitted.

17. Answering defendant is without sufficient information or knowledge to form a belief as to the truth of the averment and, therefore, the averment is deemed denied.

18. Denied.

19. Denied.

20. Answering defendant is without sufficient information or knowledge to form a belief as to the truth of the averment and, therefore, the averment is deemed denied.

21. Answering defendant is without sufficient information or knowledge to form a belief as to the truth of the averment and, therefore, the averment is deemed denied.

22. Answering defendant is without sufficient information or knowledge to form a belief as to the truth of the averment and, therefore, the averment is deemed denied.

## COUNT I

23. Answering defendant hereby incorporates its answers herein by reference.

24. Denied as to all counts.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## COUNT II

29. Answering defendant hereby incorporates its answers herein by reference.

30. Denied.

31. Denied.

32. Answering defendant is without sufficient information or knowledge to form a belief as to the truth of the averment and, therefore, the averment is deemed denied.

33. Answering defendant is without sufficient information or knowledge to form a belief as to the truth of the averment and, therefore, the averment is deemed denied.

34. Answering defendant is without sufficient information or knowledge to form a belief as to the truth of the averment and, therefore, the averment is deemed denied.

## COUNT III

35. Answering defendant hereby incorporates its answers herein by reference.

36. Denied.

37. Denied.

38. Denied.

39. Answering defendant is without sufficient information or knowledge to form a belief as to the truth of the averment and, therefore, the averment is deemed denied.

40. Answering defendant is without sufficient information or knowledge to form a belief as to the truth of the averment and, therefore, the averment is deemed denied.

41. Answering defendant is without sufficient information or knowledge to form a belief as to the truth of the averment and, therefore, the averment is deemed denied.

## COUNT IV

42. Answering defendant hereby incorporates its answers herein by reference.

43. Denied.

44. Denied that any of the alleged conditions existed. By way of further answer, answering defendant is without sufficient information or knowledge with respect to Badalament's awareness and, therefore, is deemed denied.

45. Denied as to all counts.

46. Denied.

47. Answering defendant is without sufficient information or knowledge to form a belief as to the truth of the averment and, therefore, the averment is deemed denied.

48. Answering defendant is without sufficient information or knowledge to form a

    belief as to the truth of the averment and, therefore, the averment is deemed denied.

49. Answering defendant is without sufficient information or knowledge to form a belief as to the truth of the averment and, therefore, the averment is deemed denied.

WHEREFORE, defendant, Eclipse Erectors, demands that the Complaint be dismissed, plaintiffs to pay the costs.

## AFFIRMATIVE DEFENSES

50. Plaintiffs' claims are barred in that the losses alleged, if any, were not the result of any negligence or breach by answering defendant but as a result of an Act of God.

51. Plaintiffs' Complaint fails to allege a basis for any claim for recklessness.

52. Plaintiffs' Complaint fails to allege a basis for any claim of strict liability.

53. There is no doctrine of strict liability under Delaware law.

54. The allegation of negligence is barred based on the contributory negligence of plaintiff.

55. Plaintiffs' Complaint and damages, if any, were caused in whole or in part by the acts and omissions of Third Parties, both named and unnamed, for whose conduct answering defendant is not responsible.

56. Plaintiffs' Complaint and damages, if any, were caused in whole or in part by its own negligence and/or misuse of a building in a manner that was not reasonably foreseeable.

57. Plaintiffs' Complaint is barred in that the agreement between Daystar Sills and

Eclipse Erectors disclaimed any and all warranties.

58. Plaintiffs' Complaint is barred in that the agreement between Daystar Sills and KWNJ Management, Inc. and/or Harvey Development, Inc. and/or the Delaware River Industrial Park, LLC disclaimed any warranties.

59. Plaintiffs' complaints of negligence are barred by the Doctrine of Economic Loss.

60. Plaintiffs' claim for breach of contract is barred due to a lack of privity of contract.

61. Plaintiffs' Complaint fails to name an necessary party.

## CROSS CLAIM OF ECLIPSE ERECTORS AGAINST ALL DEFENDANTS

Defendant, Eclipse Erectors, hereby cross claims against co-defendants and, in denying liability to plaintiffs, hereby avers that if there is any liability at al, it is the liability of co-defendants which are either solely liable to plaintiffs, jointly and severally liable, and/or liable over to defendant, Eclipse Erectors, for contribution and/or common law or contractual indemnity on the claims set forth by plaintiffs in their Complaint.

Defendant, Eclipse Erectors, also seeks a determination of pro rata legal responsibility pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasors Law, 10 Del.C. §6301 et seq.

WHEREFORE, defendant, Eclipse Erectors, demands that judgment be entered in favor of defendant, Eclipse Erectors, and against co-defendants for contribution and indemnity, together with reasonable attorneys fees and costs.

        /s/ *R. Stokes Nolte*
R. Stokes Nolte, Esquire
De. State Bar I.D. No.: 2301
Nolte & Associates
1010 N. Bancroft Parkway
Suite 21
Wilmington, DE 19805
(302) 777-1700
Attorney for defendant, Eclipse Erectors

Date: August 29, 2005

## **CERTIFICATE OF SERVICE**

I, R. Stokes Nolte, hereby certify that two (2) true and correct copies of the foregoing **Defendant, Eclipse Erectors, Inc.'s Answer to Complaint** was served by first class mail, postage prepaid, to the individual listed below on this ___29th___ day of ___August___, 2005

| | |
|---|---|
| Sean Bellew, Esquire<br>Cozen & O'Conner<br>1201 N. Market Street, Suite 1400<br>Wilmington, DE 19801<br><br>George T. Lees, III, Esquire<br>Bifferato Gentilotti & Biden<br>1308 Delaware Avenue<br>P.O. Box 2165<br>Wilmington, DE 19899-2165 | Michael I. Silverman, Esquire<br>Silverman & McDonald<br>1010 N. Bancroft Parkway<br>Suite 22<br>Wilmington, DE 19805<br>(Via Hand Delivery) |

                                          _R. Stokes Nolte_
                                          R. Stokes Nolte, Esquire
                                          De. State Bar I.D. No.: 2301
                                          1010 N. Bancroft Parkway
                                          Suite 21
                                          Wilmington, DE 19805

Date: August 29, 2005