IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BADALAMENT, INC., *et al.*, | : |
| Plaintiffs, | : C.A. No. 05-035-GMS |
| v. | : |
| DAYSTAR SILLS, INC., *et al.*, | : |
| Defendants, | : |
| and | : |
| NUCOR BUILDING SYSTEMS | : |
| Third-Party Plaintiff, | : |
| v. | : |
| WESTFIELD INSURANCE GROUP, | : |
| Third-Party Defendant. | : |

## JOINT STATUS REPORT

The parties, by and through their undersigned counsel, hereby file this Joint Status Report pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.2(b).

**I.    JURISDICTION AND VENUE**

The Court has subject matter jurisdiction over this case based on diversity of citizenship. All parties are subject to this Honorable Court's jurisdiction, and all Defendants have been properly served and do not challenge jurisdiction or service.

**II.    SUBSTANCE OF THE ACTION**

This is a property damage action that arises out of a partial building collapse which occurred on February 23, 2003 at the property occupied by Plaintiff, Badalament, Inc. (hereinafter "Badalament") located at 6 Dockview Drive, No. 100, Building 2A, New Castle,

Delaware 19720. The property was occupied by Badalament pursuant to a February 1, 2001 lease agreement with Delaware River Industrial Park, LLC, the owner of the subject premises.

The subject structure was a pre-engineered, pre-fabricated steel warehouse structure that was designed and sold by Defendant, NUCOR Building Systems (hereinafter "NUCOR"), and erected by Defendant, Daystar Sills (hereinafter "Daystar"). Daystar in turn subcontracted with Defendant, Eclipse Erectors (hereinafter "Eclipse"), to complete the fabrication of the structure. As a result of the loss, Badalament sustained damages in the amount of Six Hundred Seventy-one Thousand Four Hundred Twenty-eight Dollars ($671,428.00). Transcontinental reimbursed Badalament Four Hundred Sixteen Thousand Four Hundred Forty-seven Dollars and Ninety-nine Cents ($416,447.99) for the damages sustained and, accordingly, is subrogated to the rights of its insured pursuant to the principles of legal and equitable subrogation.

Plaintiffs contend that the roof collapse occurred as a direct and proximate result of the failure of Defendant, NUCOR, to properly and adequately design the subject structure, and Defendants, Eclipse and Daystar, to bolt in certain structural components known as perlin braces. As a result, Plaintiffs initiated this litigation asserting causes of action for negligence, breach of express and implied warranties, breach of contract and strict products liability against all Defendants based on the failed design and construction of the subject structure. All Defendants have denied liability and asserted cross-claims against each other.

Furthermore, Defendant, NUCOR, has alleged third-party claims against Third-party Defendant, Westfield Insurance Group, for breach of contact and indemnification. Third-party Defendant, Westfield Insurance Group, has filed a motion to dismiss.

III.  **IDENTIFICATION OF ISSUES**

    A.  **Factual Issues**

The Defendants dispute the cause of the failure of the roof system of the subject structure and the extent of the damages suffered by the Plaintiffs.

    B.  **Legal Issues**

The parties dispute liability for the cause of the failure of the roof system of the subject structure. Plaintiffs contend the failure of the roof system was due to the failure of Defendants, Daystar and Eclipse, to utilize the above-referenced perlin braces as necessary support for the roof structure. Plaintiffs further contend the collapse occurred due to the failure of Defendant, NUCOR, to properly design the subject roof structure.

IV.  **NARROWING OF ISSUES**

The parties will endeavor to limit the issues. The parties intend to limit initial discovery to the issue of damages with the intention of proceeding to mediation. In the event that mediation does not result in an early amicable resolution of this matter, the parties anticipate that full discovery on all remaining issues of liability will be necessary.

V.  **RELIEF**

Plaintiffs sustained damages as a result of the subject collapse in the amount of Six Hundred Seventy-one Thousand Four Hundred Twenty-eight Dollars ($671,428.00), comprised of the following:

| | |
|---|---|
| Transportation Costs: | $142,171.00 |
| Labor Costs: | $ 19,798.00 |
| Equipment Costs: | $ 44,648.00 |
| Miscellaneous Expenses: | $113,845.00 |
| Travel, Lodging and Extra Expenses: | $ 62,604.00 |
| Business Interruption Loss: | <u>$288,362.00</u> |
| **TOTAL DAMAGES SUSTAINED** | **$671,428.00** |

Plaintiff, Transcontinental Insurance Company reimbursed Plaintiff, Badalament, Four Hundred Sixteen Thousand Four Hundred Forty-seven Dollars and Ninety-nine Cents ($416,447.99), and seeks relief for that amount from the Defendants. Plaintiff, Badalament, is seeking recovery of its uninsured loss in the amount of Two Hundred Fifty-four Thousand Nine Hundred Eighty Dollars and One Cent ($254,980.01). These damages are exclusive of pre- and post-judgment interest.

### VI. AMENDMENT OF PLEADINGS

At this time, the parties do not anticipate amending the pleadings.

### VII. JOINDER OF THE PARTIES

At this time, the parties do not anticipate any additional parties being joined to this action.

### VIII. DISCOVERY

The parties would suggest the following discovery schedule:

1. All factual discovery completed on or before June 30, 2006;
2. Plaintiffs to serve expert reports on or before July 31, 2006;
3. Defendants to serve expert reports on or before August 30, 2006;
4. Expert depositions to be completed on or before October 2, 2006;
5. Dispositive motions to be filed on or before October 31, 2006; and
6. Case is ready for trial on or before December 4, 2006.

### IX. ESTIMATED TRIAL LENGTH

The parties anticipate that the trial could be completed in 5 days.

### X. JURY TRIAL

A jury trial has been demanded.

XI.  **SETTLEMENT**

The parties have not engaged in settlement discussions.

Dated: October 24, 2005

/s/ David A. Felice
Sean J. Bellew (#4072)
David A. Felice (#4090)
Cozen O'Connor
1201 North Market Street, Suite 1400
Wilmington, DE 19801
(302) 295-2026 (direct)
(302) 295-2013 (fax)
  *Attorneys for Plaintiffs*

Of Counsel:
Justin B. Wineburgh
Cozen O'Connor
1900 Market Street
The Atrium, 3rd Floor
Philadelphia, PA 19103
(215) 665-2734 (direct)
(215) 665-2013 (fax)

Dated: October 24, 2005

/s/ Michael L. Silverman
Michael L. Siverman (#3034)
Silverman McDonald & Friedman
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 888-2900 (direct)
(302) 888-2923
  *Attorney for Defendant, Daystar Sills and Third-Party Defendant Westfield Insurance Group*

Dated: October 24, 2005

/s/ R. Stokes Nolte
R. Stokes Nolte (#2301)
Nolte & Associates
Three Mill Road, Suite 304
Wilmington, DE 19806
(302) 777-1700 (direct)
(302) 777-1705 (fax)
  *Attorney for Defendant, Eclipse Erectors*

Dated: October 24, 2005                     /s/ George T. Lees, III
                                            George T. Lees, III (#3647)
                                            Bifferato, Gentilotti & Biden, P.A.
                                            Buckner Building
                                            1308 Delaware Avenue
                                            P.O. Box 2165
                                            Wilmington, DE  19899-2165
                                            (302) 429-1900 (direct)
                                            (302) 429-8600 (fax)
                                              *Attorney for Defendant and Third-Party
                                              Plaintiff, NUCOR Building Systems*