IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BADALAMENT, INC., AND TRANSCONTINENTAL INSURANCE COMPANY AS SUBROGEE OF BADALAMENT, INC. : : : : : | |
| Plaintiff, : | C. A. No. 05-035 GMS |
| : | |
| v. : | |
| : | JURY TRIAL DEMANDED |
| DAYSTAR SILLS, INC., ECLIPSE ERECTORS AND NUCOR BUILDING SYSTEMS : : : | |
| Defendants, : | |
| and : | |
| NUCOR BUILDING SYSTEMS. : | |
| Defendant/Third Party Plaintiff, : | |
| v. : | |
| WESTFIELD INSURANCE GROUP, : | |
| Third Party Defendant. : | |

### DEFENDANT / THIRD PARTY PLAINTIFF, NUCOR BUILDING SYSTEMS' RESPONSE TO THIRD PARTY DEFENDANT WESTFIELD INSURANCE GROUP'S MOTION TO DISMISS

COMES NOW, Defendant / Third Party Plaintiff Nucor Building Systems, (hereinafter "Nucor"), by and through its undersigned counsel, who hereby respectfully requests that this Honorable Court deny Third Party Defendant, Westfield Insurance Group's Motion to Dismiss. In support of its request, Defendant / Third Party Plaintiff responds as follows:

1.-3.   Admitted.

4.   It is admitted that Westfield issued a policy of insurance to Daystar Sills, a writing,

the contents of which speak for themselves.

5. Admitted in part; denied in part. It is admitted that Nucor was not a named insured, however, Nucor qualifies as an Additional Insured under the policy.

6. The Third Party Complaint speaks for itself.

7. Denied.

8. The assertions contained within this paragraph are conclusions of law, interpreting a reported decision. As noted below, <u>Garnett v. One Beacon Insurance Company</u>, 2002 Del. Super. LEXIS 176, is distinguishable from the case at bar.

9. Denied. Nucor has standing to bring a breach of contract of action against Westfield by way of its status as an Additional Insured and an intended beneficiary of the contract between Daystar Sills and Westfield.

10. Denied.

11. On December 11, 1991, David Sills, president of Daystar Sills, Inc. executed the Nucor Building Systems Builder Agreement, which has been continued and remained in force as of the date of loss alleged by plaintiff. A copy of the Agreement is attached hereto as Exhibit "A".

12. The Builder Agreement, provides as follows:

> NUCOR BUILDER, agrees to indemnify and hold harmless NUCOR from any and all claims, losses, costs (including counsel fees) and causes of action that may arise out of NUCOR BUILDERS business relationship with NUCOR, including without limitation, to the erection of buildings .... NUCOR BUILDER, agrees to carry liability, builder's risk, workman's compensation and such other forms of insurance as may be necessary or specified by NUCOR from time to time, to fully and completely indemnify and hold harmless NUCOR as hereto for set forth, which insurance shall name NUCOR BUILDER of said obligation to indemnify and hold harmless NUCOR.

13. Pursuant to the Builder Agreement, Daystar Sills contractually agreed to indemnify and hold harmless Nucor Building Systems for all claims arising out of the erection of buildings.

Moreover, Daystar Sills contractually agreed to carry liability insurance which would provide Nucor with coverage for both defense and indemnification of claims such as those alleged by Plaintiffs.

14. The Westfield policy, a copy of which was attached to the Motion to Dismiss, provides, at page 1 of 13 of the Insuring Agreement, Section I, Coverages, Subpart (2)(b), with regards to Contractual Liability:

> This exclusion does not apply to liability for damages:
>
> 2. Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
>
>> (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract";
>>
>> (b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

15. Viewing the Builder Agreement, in conjunction with the Westfield policy, which specifically addresses situations in which Daystar Sills assumes liability through a contract, vis-a-vis the Builder Agreement, it becomes clear that Nucor, by way of its contractual relationship with Daystar Sills, is an additional insured to the policy issued by Westfield. As an additional insured under the Westfield policy, Nucor has standing to enforce its rights under said policy.

16. Alternatively, Nucor has standing to bring an action against Westfield for breach of contract as an intended third party beneficiary of the insurance policy between Westfield and Daystar Sills.

17. Delaware courts clearly recognize that a third party beneficiary may sue to collect damages for breach of contract. See <u>Blair v. Anderson</u>, Del. Supr., 325 A.2d 94, 96 (1974). To

qualify as a third party beneficiary, it must be shown that the contract was "made for the benefit of that third party within the intent and contemplation of the contracting parties." Hadley v. Shaffer, 2003 U.S. Dist. LEXIS 14106 (D.Del. Aug. 12, 2003).

18. To determine whether the parties intended to make an individual a third party beneficiary, the Court must look to the terms of the contract and the surrounding circumstances. Hadley at 14. Under Delaware law, the intention of the contracting parties is paramount in determining whether others have standing as third party beneficiaries. Id.

19. The above quoted language regarding Contractual Liability which is contained in the insuring agreement clearly contemplates Daystar Sills entering a contract or agreement in which Daystar Sills assumes liability for, *inter alia,* property damage, attorney fees and litigation expenses.

20. Westfield and Daystar Sills, by including a provision in the policy for the assumption of liability via an "insured contract", demonstrate an intent to confer a benefit upon any party in which Daystar Sills enters a contract for the assumption of liability which qualifies as an exception to the exclusion. As such, Nucor has standing to enforce its rights under the contract.

21. Movant's reliance on Garnett v. One Beacon Insurance, 2002 Del.Super. LEXIS 176 is misplaced. In Garnett, the named insured rejected UM coverage and the Plaintiff, a passenger in the insured's vehicle, sought to reform the policy to include UM coverage. Id. In granting summary judgment to the Defendant, the Court noted "there are no facts in the record of this case that Plaintiff was named as an additional insured under the policy issued by Defendant." Id at 13. Moreover, the Court concluded the Plaintiff did not have standing to seek UM coverage because there was no contract, only a right to create a contract and that right belonged to the original contracting party. Id at 17. Unlike Garnett, Nucor is not seeking to reform a policy of insurance, but is rather seeking coverage, to include indemnification and defense, under Westfield's policy.

22.  Garnett is factually distinct from the case at bar in two significant aspects. As previously denoted, Nucor is an additional insured to the policy by way of the contractual liability provision and as such, has the standing that the Plaintiff lacked in Garnett. Additionally, Nucor is not seeking to create a new contract, only seeking to protect its rights under an existing contract.

23.  Movant's reliance upon Federal Rules of Civil Procedure Rule 14 as a bar to the third-party action is equally misplaced. Rule 14 states, in relevant part, "A defending party ... may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to the third party plaintiff for all or part of the plaintiff's claim*" (emphasis added). Moreover, Nucor, as contrasted to Badalament, Inc., is an additional insured under the Westfield policy and is an intended third-party beneficiary of the contract between Westfield and Daystar Sills, enabling it to protect and exercise its rights under said policy.

WHEREFORE, Defendant / Third Party Plaintiff Nucor Building Systems respectfully requests that this Court deny Third Party Defendant Westfield Insurance Group's Motion to Dismiss.

BIFFERATO, GENTILOTTI, BIDEN & BALICK

George T. Lees, III (Del. ID #3647)
David A. Denham (Del. ID #4240)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899
(302) 429-1900
Attorney for Defendant / Third Party Plaintiff
Nucor Building Systems