# NUCOR BUILDING SYSTEMS

Division of NUCOR CORPORATION

Post Office Box 70
305 Industrial Parkway
Waterloo, Indiana 46793

PH: 219/837-7891
FAX: 219/837-7384



January 30, 1992

David N. Sills
Daystar Sills Inc
P.O.Box 5815
Wilm DE 19808

Dear Mr. Sills:

Congratulations. We at Nucor Building Systems are happy to have you on board as a Charter Builder.

We sent your builder Agreement binder out yesterday. In it you will find your copy of the agreement that Bob Lowe our General Manager has signed.

In addition to the agreement you will also find a territory map as well as a list of key N.B.S. employees. We will update the list from time to time, but thought it would help you to identify people you are most likely to be in touch with as we grow together.

Enclosed is an invoice for your builder kit. It will be sent promptly after receipt of payment.

Always feel free to call on any of us for assistance. We look forward to serving you during a long and prosperous relationship.

Respectfully,

Mike Healy
Sales Manager
Nucor Building Systems

Mh/vls

000 207



MBMA
MEMBER

MANUFACTURING/SALES
FACILITIES

NUCOR BUILDING SYSTEMS
P.O. Box 70
305 Industrial Parkway
Waterloo, IN 46793
(219) 837-7891

# NUCOR BUILDING SYSTEMS
## BUILDER AGREEMENT

We agree to comply with all the terms, convenants and conditions set forth in the Agreement.

12/11/91
DATE

DAYSTAR SILLS INC.
FIRM

P.O. BOX 5815
ADDRESS

WILM, DE. 19808
CITY/STATE/ZIP

SALES AREA  DELAWARE

BY  DAVID N. SILLS JR

TITLE  PRES.

SIGNED  David N. Sills Jr

AND VICINITY

Approved and accepted, NUCOR BUILDING SYSTEMS/Division of NUCOR CORPORATION

Harry R Lowe
General Manager

1-1-92
EFFECTIVE DATE

12-31-92
THROUGH

000 208

# NUCOR BUILDING SYSTEMS BUILDERSHIP AGREEMENT

This agreement is entered into by and between NUCOR BUILDING SYSTEMS, A DIVISION OF NUCOR CORPORATION, hereinafter known as "NUCOR" and _DAYSTAR SILLS INC._ of _WILM DE_ hereinafter referred to as "NUCOR BUILDER", for the purpose of setting the terms and conditions under which NUCOR grants to NUCOR BUILDER the right of sale and promotion of its product.

Upon the execution of this Agreement and compliance with all of the requirements set forth herein, the undersigned NUCOR BUILDER shall become an authorized Builder of building systems commercially manufactured by NUCOR and both parties shall be subject to the terms and conditions hereinafter set forth.

## I. SALES AREA

During the existence of this Agreement, NUCOR BUILDER shall have the primary responsibility and shall use its best efforts to sell building systems manufactured by NUCOR within the sale area set forth in the exhibits, subject to the following conditions and agreement.

It shall be NUCOR'S policy not to make direct sales in the assigned sales area, but when, in its opinion, circumstances indicate a departure from such policy, it may complete a direct sale by any means or through any channels it may elect.

In the event of such sale by NUCOR, it shall not b obligated to pay Builder any compensation, unles specifically agreed to in writing by the Genera Manager or Sales Manager prior to sale. Althoug the primary marketing area (as agreed to in th exhibits) of the BUILDER is the area of definition fc the BUILDER's advertising plan, the BUILDER, as a independent business, may market Nucor Buildin System's products free of geographic constraints.

Where geographic market conditions allow, Nuco may elect to appoint multiple builders within : territory.

## II. TENURE

A. This Agreement shall remain in effect until terminated either by the NUCOR BUILDER or NUCOR, upon 30 days written notice (or later if so extended by any applicable statute or regulation) for any of the following reasons:

1. Failure of the NUCOR BUILDER to comply with terms and conditions of the agreement.
2. Business practices by the NUCOR BUILDER detrimental to the good will of NUCOR
3. Construction practices that adversely affect the structural safety or weatherability of Nucor products.
4. Insufficient marketing effort by NUCOR BUILDER to adequately promote NUCOR products.
5. Failure of NUCOR BUILDER to pay NUCOR in the agreed manner for products and services furnished.

6. In the event of product changes; changes in business conditions; changes in competition; changes in law or government regulations; imposition of government restrictions; war; corporate reorganization of NUCOR; government controls of wages or prices of production; or inability of NUCOR to produce products for whatever reason.

7. For any other reason constituting good cause. For purposes of this Agreement, parties stipulate and agree that the preceding paragraphs (A1-6) constitute good cause.

8. This agreement expires one year after execution unless a new agreement is executed by both parties.

B. NUCOR may terminate this Agreement immediately and without notice should NUCOR BUILDER become insolvent, become convicted of a felony, seek relief of any type in bankruptcy, either voluntarily or involuntarily, or admit in writing its inability to pay obligations as they mature.

III. CONDITIONS

A. NUCOR BUILDER shall be responsible for following proper, satisfactory and commonly accepted construction procedures and assure that NUCOR buildings are erected in accordance with NUCOR erection guides and erection drawings.

B. NUCOR will furnish frame reactions to the NUCOR BUILDER. The NUCOR BUILDER will insure that the proper foundation design is used.

C. NUCOR BUILDER shall employ competent sales personnel as required to promptly qualify prospects, prepare and present proposals and close sales in the sales area covered by this Agreement.

D. The NUCOR BUILDER agrees to attend traini courses required as professionally required operate the business with Nucor.

E. NUCOR BUILDER shall employ, or have read available, competent design, drafting and/ engineering personnel to prepare propos drawings and any plans required for co approval and building permits.

F. If for any reason NUCOR allows NUCC BUILDER to submit orders on other tha NUCOR forms, NUCOR BUILDER understanc and agrees that all sales and conditions shall t subject solely to NUCOR's terms and conditior of sale in effect on the date of acceptance ar that NUCOR's terms and conditions shall prev in the event of a contradiction in terms c conditions.

G. NUCOR BUILDER agrees that all details of i relationship to NUCOR, including withou limitation claims procedure and productio returns, shall be governed by NUCOR policies i effect from time to time.

H. All NUCOR buildings and materials shall b warranted strictly in accordance with, and to n greater extent than, the warranty provision ir force on the date the order is received by NUCOR, and remedies for the breach of any warranty shall be strictly as stated in said provision. NUCOR BUILDER understands tha said warranty provision may change from time t time at NUCOR'S sole discretion, that the warranty coverage extending to any specific building or materials shall be determined b NUCOR on the date the order for said building or materials is received, and that no warranty certificate shall be issued to NUCOR BUILDER for a specific building or materials except after timely request for same on a form supplied by NUCOR. NUCOR BUILDER agrees to

indemnify, hold harmless and to defend, in any court of law, NUCOR for and against any and all loss, costs (including attorney fees) or damages which NUCOR may sustain or become liable for or by reason of the acts, omissions, representations, promises of statements of NUCOR BUILDER or its employees, agents or independent contractors.

I. NUCOR BUILDER shall not appoint any third party other than its regular employees to perform its obligations under this Agreement, *provided however*, that it shall have the authority to subcontract erection services consistent with NUCOR'S erection policy. NUCOR BUILDER agrees that it shall bear full legal responsibility for the performance of its obligations under this Agreement, whether such obligations are in fact performed by NUCOR BUILDER or by its subcontractors. NUCOR shall not be obligated to deal directly with or accept orders from any subcontractors of NUCOR BUILDER.

J. NUCOR BUILDER shall have forwarded with its application a check in the amount normally charged by NUCOR for a Builder Kit (comprised of, but not limited to, initial advertising and promotional materials, sales literature and sales aids).

K. NUCOR BUILDERS are expected to conduct a local advertising program to supplement the NUCOR national program. Part of that program is to display the NUCOR trademark at NUCOR BUILDER's place of business, and on job-site signs during construction of a NUCOR Building System.

L. NUCOR BUILDER warrants that its erection of all buildings will comply with NUCOR drawings and erection manuals and will be free from defects in workmanship for a period of two (2) years following completion of said erection, which warranty shall extend to all services performed by its subcontractors.

M. NUCOR BUILDER agrees to indemnify and ho harmless NUCOR from any and all claims, losse costs (including counsel fees) and causes action that may arise out of NUCOR BUILDER business relationship with NUCOR, includir without limitation to the erection of building *provided*, that no such indemnity shall apply i claims, losses, costs or causes of action resultir solely from NUCOR'S negligence or breach ( this Agreement. NUCOR BUILDER agrees t carry liability, builder's risk, workmen' compensation and such other forms c insurance as may be necessary or specified b NUCOR from time to time to fully and completel indemnify and hold harmless NUCOR as here t fore set forth, which insurance shall nam NUCOR BUILDER of said obligation to indemnif and hold harmless NUCOR.

N. This agreement shall be interpreted anc construed under the laws of the State of Indiana The parties stipulate, contractually binc themselves and agree that venue of any cause of action arising in whole or in part upon this agreement shall be in Dekalb County, Indiana Builder (if a domiciliary of a foreign state) stipulates, contracts and binds itself that he shall be subjected to long arm jurisdiction of the State of Indiana in any cause of action arising in whole or in part upon his breach of this agreement or in any suit brought by company for enforcement of same or for relief based upon dealer's conduct after the expiration hereof

IV. TERMINATION

In the event that this Agreement shall be terminated for any reason :

A. NUCOR BUILDER shall immediately cease using in any manner any name, trademark, or other symbol identified with NUCOR, its products, or its business.

B. NUCOR BUILDER shall promptly return to NUCOR all pricing information. It is understood that all such materials delivered to NUCOR BUILDER by NUCOR shall remain the property of NUCOR and any deposits given in connection therewith shall be reimbursed upon the return of such materials to NUCOR.

C. NUCOR shall not be liable to reimburse NUCOR BUILDER for any advertising, promotional or other expense incurred by NUCOR BUILDER.

## V. TERMS

A. NUCOR BUILDER and NUCOR agree to provide each other a current financial statement at least once each year.

B. A copy of the NUCOR BUILDER Sales Tax Exemption Certificate must accompany this Agreement or sales tax will be added to each invoice.

## VI. BUILDER INDEPENDENT

It is understood and agreed that NUCOR BUILDER is not and will not represent himself to be an agent or employee of NUCOR; therefore, NUCOR BUILDER may not use or incorporate "NUCOR" in the name under which it does business unless prior written approval to do so has been given by NUCOR. This Agreement refers exclusively to building systems commercially manufactured by NUCOR and shall not apply to the sale, promotion or distribution of other products manufactured or sold by NUCOR.

## VII. GENERAL PROVISIONS

A. This Agreement shall not be assigned in whole or in part by NUCOR BUILDER without prior written approval of NUCOR. NUCOR may assign its rights and obligations under this Agreement in whole or in part, at any time, and NUCOR BUILDER'S

obligations under this Agreement which are affected by such assignment shall run to the assignee immediately upon receipt by NUCOR BUILDER of notice of the assignment.

B. All notices shall be sufficient if in writing and delivered in person to an officer or partner of the other party, or if sent by registered or certified mail to the last known address of the principal place of business of the other party.

C. This Agreement cannot be modified except by Agreement in writing signed by both parties. A waiver or repeated waiver by either party of any provision or the breach of any provision shall not constitute a further waiver of such provision or breach.

D. This Agreement signed by both parties constitutes the final written expression of all the terms of this Agreement and is a complete and exclusive statement of those terms, and any and all representations, promises, warranties or statements by NUCOR'S agent that differ in any way from the terms of this written Agreement shall be given no force or effect.

000 211

4

1991

# NUCOR BUILDING SYSTEMS
## BUILDER AGREEMENT APPENDIX

## AUTHORIZED SIGNATURE CERTIFICATE

WE AT **BAYSTAR SILLS, INC.** UNDERSTAND THE NEED TO COMMUNICATE ORDERS PROMPTLY AND ACCURATELY WITH NUCOR AND THEREFORE WE RECOGNIZE THE FOLLOWING INDIVIDUALS ONLY AS AUTHORIZED SIGNERS FOR THE PURCHASE OF MATERIAL FROM NUCOR.

*David N. Sills IV* 
SIGNATURE

DAVID N. SILLS IV
PLEASE PRINT NAME

PRESIDENT
TITLE

_____
SIGNATURE

_____
PLEASE PRINT NAME

_____
TITLE

_____
SIGNATURE

_____
PLEASE PRINT NAME

_____
TITLE

_____
SIGNATURE

_____
PLEASE PRINT NAME

_____
TITLE

SIGNED AND SWORN BEFORE ME THIS **11th** DAY OF **December**, 1991.

*[Notary signature]*
NOTARY PUBLIC
JANET L. ESTEP
Notary Public

RECEIVED
000 212

MY COMMISSION EXPIRES: **Oct. 8, 1994**
DATE