# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BADALAMENT, INC., et al. | : | |
| | : | |
| Plaintiffs, | : | C.A. No. 05-035(GMS) |
| | : | |
| v. | : | |
| | : | |
| DAYSTAR SILLS, INC., et al. | : | |
| | : | |
| Defendants, | : | |
| | : | |
| and | : | |
| | : | |
| NUCOR BUILDING SYSTEMS | : | |
| | : | |
| Third-Party Plaintiff, : | : | |
| | : | |
| v. | : | |
| | : | |
| WESTFIELD INSURANCE GROUP | : | |
| | : | |
| Third-Party Defendant. | : | |

## SCHEDULING ORDER

This ____ day of November, 2005, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on October 27, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1.    **Rule 26(a) Initial Disclosures**: Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rules of Civil Procedure 26(a) on or before November 14, 2005.

2.    **Joinder of other Parties and Amendment of Pleadings**: All motions to join other parties and amend the pleadings shall be filed on or before January 1, 2006.

3.  **Discovery**: All discovery in this case shall be initiated so that it will be completed on or before April 28, 2006.

a.  **Discovery and Scheduling Matters**: Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the Court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this Court's website at www.ded.uscourts.gov. Should the Court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

4.  **Confidential Information and Papers Filed Under Seal**: Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If, after making a diligent effort, the parties are unable to agree on the contents of the joint, proposed scheduling order, then they shall follow the dispute resolution process outlined in paragraph 3(a).**

5.    <u>Settlement Conference</u>: Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

6.    <u>Case Dispositive Motions</u>: All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before May 12, 2006. Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

7.    <u>Applications by Motion</u>: Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion files, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

8.    <u>Oral Argument</u>: If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

9.    <u>Pretrial Conference</u>: On November 8, 2006, at 10:00 a.m., the Court will hold a Pretrial Conference in chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the Joint Proposed Final Pretrial Order with the information required by the form of Final Pretrial Order. A sample form of Pretrial Order can be located on this Court's website at www.ded.uscourts.gov.

10.    **Trial**. This matter is scheduled for a five (5) day jury trial beginning at 9:00 a.m. on November 27, 2006.

11.    **Scheduling**:    The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought and only when ALL participating counsel is on the line for purposes of selecting a new date.

_____
UNITED STATES DISTRICT JUDGE

4

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BADALAMENT, INC., et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 05-35-GMS |
| DAYSTAR SILLS, INC., et al., | : | |
| Defendants. | : | |
| and | : | |
| NUCOR BUILDING SYSTEMS, | : | |
| Third-Party Plaintiff, | : | |
| v. | : | |
| WESTFIELD INSURANCE GROUP, | : | |
| Third-Party Defendant. | : | |

## ORDER

At Wilmington this 28th day of **November, 2005,**

IT IS ORDERED that:

1.    The mediation conference has been tentatively scheduled for **Friday,**

**June 23, 2006** beginning at **9:00 a.m.**

2.    The trial attorneys and those who are familiar with the case and their

respective clients and/or decision makers, who must include individuals with full authority

to act on behalf of the parties, including the authority to negotiate a resolution of the matter,

must be present. In addition, under separate cover, the direct dial telephone work

numbers and cell or home numbers of in-state and out-of-state counsel who will be

attending the mediation shall be provided to the Magistrate Judge. Where a party is unrepresented by counsel, that party shall provide direct dial telephone work numbers and cell or home numbers. Attendance at the mediation by the aforementioned individuals is required unless otherwise authorized by the Court. Any request to modify this requirement shall be made in writing to the Magistrate Judge, with a copy to all counsel or pro se parties, no later than **fourteen (14) days** before the mediation.

**Any request to bring electronic equipment, for example, cell phones, blackberries or laptop computers, for use ONLY during the mediation conference, shall be made in writing under separate cover and must accompany the mediation statements, and shall include the name(s) of the individuals and the equipment requested to be authorized. The electronic equipment must be an integral part of the mediation process and not just for convenience.**

3.    A teleconference shall be held on **Wednesday, March 15, 2006 at 9:00 a.m.** to discuss the status of the case and the mediation date. **Counsel for Daystar Sills shall initiate the teleconference call.**

4.    On or before **Monday, June 12, 2006**, each party shall submit to the Magistrate Judge <u>ONLY</u> **AN ORIGINAL** and **ONE COPY** of the mediation conference statement. The mediation conference statements **shall not be filed** with the Clerk's Office. However, the mediation statement **shall be delivered to the Clerk's Office in an envelope addressed to U. S. Magistrate Mary Pat Thynge and marked "CONFIDENTIAL MEDIATION STATEMENT."** The statements <u>shall</u> <u>not</u> be exchanged among the parties or counsel, <u>shall</u> <u>not</u> be provided to the trial judge and <u>shall</u> <u>not</u> become part of the record in this matter. **Mediation statements shall NOT be electronically filed**

**since they are not part of the Court record.**

     5.    The mediation conference statements may be in memorandum or letter form, and shall be limited to no more than **fifteen (15) pages double spaced** in length, **12 pt. font.** They shall contain the following:

     a)    A description of who the parties are, their relationship, if any, to each other and by whom each party is represented, **including the identity of all individuals participating on behalf of a party during the mediation conference.**

     b)    A brief factual background, clearly indicating those facts not in dispute.

     c)    A brief summary of the law, including applicable statutes, cases and standards. Any unreported decisions including decisions from this jurisdiction, are to be included as exhibits.

     d)    An **honest** discussion of the party's claims and/or defenses, including the strengths and weaknesses of the party's position.

     e)    A brief description or history of prior settlement negotiations and discussions, including the party's assessment as to why settlement has not been reached, the party's proposed term(s) for a resolution and a description of how the party believes the Court may be able to assist in reaching an agreement.

     f)    The amount of attorneys' fees and costs **listed separately** that have been incurred by the party to date, with a fair estimate of such additional fees and expenses, including expert witness fees, if this matter is not settled. In the case of a contingency fee or non-hourly rate fee arrangement, the percentage of that fee, if applicable, the number of hours and costs incurred by the party to date, with a fair estimate

of additional expenses, including expert witness fees, and the amount of hours if this matter is not settled.

6.    Crucial or pertinent documents or other documentary evidence or a summary of said documents may be submitted as exhibits to the mediation conference statement. Counsel are cautioned to limit such exhibits.

7.    Those participating in the mediation conference shall be available and accessible throughout the process. The Court expects the parties' full and good faith cooperation with the mediation process.

8.    **The contents of the mediation conference statements and the conference discussions, including any resolution or settlement, shall remain confidential, shall not be used in the present litigation, nor any other litigation presently pending or filed in the future, and shall not be construed as nor constitute an admission.  Breach of this provision shall subject the violator to sanctions.**

Local counsel are reminded of their obligations to inform out-of-state counsel of this Order.  To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BADALAMENT, INC., et al., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 05-35-GMS |
| DAYSTAR SILLS, INC., et al., | : |
| Defendants. | : |
| and | : |
| NUCOR BUILDING SYSTEMS, | : |
| Third-Party Plaintiff, | : |
| v. | : |
| WESTFIELD INSURANCE GROUP, | : |
| Third-Party Defendant. | : |

**ORDER**

At Wilmington this 15th day of **March, 2006,**

IT IS ORDERED that the mediation conference tentatively scheduled for Friday, June 23, 2006 beginning at 9:00 a.m. has been rescheduled to **Thursday, August 17, 2006 at 10:00 a.m.** Submissions of the parties shall now be due on or before **Monday, August 7, 2006.** All other provisions of the Court's November 28, 2005 Order shall remain in full force and effect.

Local counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court

immediately of any problems regarding compliance with this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BADALAMENT, INC., et al. | : | |
| | : | |
| Plaintiffs, | : | C.A. No. 05-035(GMS) |
| | : | |
| v. | : | |
| | : | |
| DAYSTAR SILLS, INC., et al. | : | |
| | : | |
| Defendants, | : | |
| | : | |
| and | : | |
| | : | |
| NUCOR BUILDING SYSTEMS | : | |
| | : | |
| Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WESTFIELD INSURANCE GROUP | : | |
| | : | |
| Third-Party Defendant. | : | |

### STIPULATION BETWEEN COUNSEL TO EXTEND DEADLINES

It is hereby stipulated and agreed by and between counsel in the above-captioned matter that all deadlines set forth in the Scheduling Order should be extended as set forth in the attached Amended Scheduling Order.

COZEN O'CONNOR                              SILVERMAN, MCDONALD & FRIEDMAN


BY:_____/S/_____    BY:_____/S/_____
SEAN J. BELLEW, ESQUIRE (DE No. 4072)    MICHAEL L. SILVERMAN, ESQUIRE
                                          (DE No. 3034)


NOLTE & BRODOWAY, P.A.                     BIFFERATO, GENTILOTTI & BIDEN


BY:_____/S/_____    BY:_____/S/_____
R. STOKES NOLTE, ESQUIRE(DE No. 2301) GEORGE T. LEES, ESQUIRE (DE No. 3647)